**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL SHAWN RICHARDSON,
a/k/a Irish Mike,

    Defendant - Appellant.

No. 16-6314
(D.C. No. 5:11-CR-00341-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

    In 2011, Defendant Michael Richardson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States notified Defendant that it intended to seek an enhanced penalty under the Armed Career Criminal Act (ACCA) based on two prior convictions for second-degree burglary and one for aggravated eluding. Defendant pled guilty and did not object to the ACCA enhancement.

---

[*] Neither party has requested oral argument. After examining the briefs and appellate record, this panel agrees that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced him to the mandatory minimum sentence of 180 months' imprisonment.

About four years later, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In response, the government conceded that Defendant's conviction for aggravated eluding no longer qualified as a predicate ACCA offense, and that he was entitled to resentencing. Based on the current Sentencing Guidelines, Defendant's revised advisory sentencing range was thirty-three to forty-one months' imprisonment. However, the probation office's revised presentence report outlined several factors that would warrant an upward departure or variance, including the fact that his criminal history category—VI—substantially underrepresented the seriousness of Defendant's criminal history and the likelihood that he would commit other crimes.

These factors notwithstanding, Defendant requested a downward departure or variance. He argued he was "a changed and better man," citing his efforts at rehabilitation in prison, including the completion of educational programs, potential employment opportunities upon release, and his "improved strong family ties." (Appellant's Opening Br. at 7, 6.) Defendant pointed out that, because he had already served 59 months, a within- or below-Guidelines sentence would, in effect, amount to "time served," and that such a sentence would result in his transfer to the Oklahoma Department of Corrections to serve two state sentences of ten and twelve years' imprisonment, which were running concurrently with each other and with the federal sentence.

The district court credited Defendant for taking advantage of "educational opportunities" while incarcerated, and it acknowledged that he had made an "effort to prepare himself for a life not involving criminal activity." (R. Vol. I at 115.) But, it agreed with the probation office that the advisory Guideline range "understate[d] the significance of the defendant's criminal history," i.e., "16 or 17 criminal convictions spanning virtually his whole life." (*Id*. at 114, 113.) The court highlighted Defendant's "fairly significant history of auto theft or related theft-type convictions," including two convictions that occurred after his original sentencing. (*Id.* at 114.) Consequently, after considering the statutory sentencing factors, it varied upward and sentenced Defendant to seventy-four months' imprisonment. Defendant timely appealed, arguing that his amended sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Defendant has not demonstrated that the district court abused its discretion. The court properly took into account all of the § 3553(a) factors and gave due weight to Defendant's extensive criminal history. When, as here, "the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). "[I]t is not the job of an appellate court to review de novo the balance struck by a district court among the factors set out in § 3553(a)." *Id*.

Accordingly, we **AFFIRM**.

Entered for the Court


Monroe G. McKay
Circuit Judge